# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

United States of America,

    Plaintiff,

v.

Douglas Robert Finch (1);
Danny William Gehl, Jr (2);
David William Gehl (3);
Frank Joseph Kittleson (4);
Patrick Thomas Maykoski (5); and
Daniel Richard Thomas (6),

    Defendants.

Case No. 21-cr-157 PAM/ECW

**ORDER**

This case is before the Court on pretrial motions, including Defendant Douglas Robert Finch's Motion to Disclose the Identity of All Informants Who Were Witnesses to or Participants in the Crimes Charged in the Indictment (Dkt. 67); Defendant Patrick Thomas Maykoski's Motion to Disclose Informants and Make Informants Available for Interview (Dkt. 83); Defendant Danny William Gehl, Jr.'s Motion to Disclose and Make Informant Available for Interview (Dkt. 99); Defendant Frank Joseph Kittleson's Motion for Disclosure of Informants (Dkt. 109); and Defendant David William Gehl's Motion for Bill of Particulars (Dkt. 119). The Court held a hearing on the Motions on November 2, 2021. (Dkt. 129.)

Thomas Hollenhorst, Assistant U.S. Attorney, appeared on behalf of the United States of America ("the Government"); Thomas Shiah appeared on behalf of Defendant

Douglas Robert Finch, who was present at the hearing; Marcus Almon appeared on behalf of Defendant Danny William Gehl, Jr., who was present at the hearing; Bruce Nestor appeared on behalf of Defendant David William Gehl, who was present at the hearing; Robert Lengeling appeared on behalf of Defendant Frank Joseph Kittleson, who was present at the hearing; James Behrenbrinker appeared on behalf of Defendant Patrick Thomas Maykoski, who was present at the hearing; and Daniel Guerrero appeared on behalf of Defendant Daniel Richard Thomas, who was present at the hearing.

## I.     ANALYSIS

**A.     Motions for Disclosure and Access to Confidential Informants (Dkts. 67, 83, 99, and 109)**

Finch asserts that a review of the discovery produced to date confirms that at least one alleged reliable confidential informant ("CI") was working with the Ramsey County Violent Crime Enforcement Team.  (Dkt. 67.)  In addition, Finch is requesting any information that identifies the anonymous tipster who called in to the Crime Stoppers tip line, if that information is in the Government's possession.  (*Id.*)  Further, assuming these informants will testify at trial, Finch requests disclosure of the informants and that they be made available for an interview.  (*Id.*)

Maykoski similarly argues that the Government's investigation and subsequent charging of Defendants started following a "crime stoppers tip" from an informant.  (Dkt. 83 at 1.)  According to Maykoski, the alleged marijuana conspiracy and money laundering scheme were initiated on the word of statements from an informant concerning thousands of pounds of marijuana ("so-called 'ghost dope'") and laundering

the proceeds from the marijuana distribution conspiracy. (*Id.*) Based on this, Maykoski argues that the identity of the informant and an opportunity to interview such individual(s) is critical to the preparation for trial. (*Id.* at 2.)

Kittleson seeks an order requiring the Government to disclose the identity of confidential informants the Government relied on in the investigation of this case and early identification of any informant the Government seeks to call as a witness. (Dkt. 109.) Kittleson also seeks criminal history information and all other relevant information concerning each informant. (*Id.*) Further, Kittleson asks that the Government make these informants available for interviews prior to trial. (*Id.*)

Danny William Gehl, Jr. also seeks disclosure of the identity of any informant or informants utilized by the Government in the investigation of this matter, and to make such informant(s) available for interview by defendant's attorneys, in preparation for trial, and to disclose the prior criminal convictions of such informants(s). (Dkt. 99.)

The Government objects to disclosing the identity of any such persons and asserts the informant privilege. (Dkt. 121 at 3.) The Government also argues that Defendants have provided no basis for this Court to order the Government to disclose the identity of any informants that may have been used during the course of the investigation, as the Government has charged Defendants based solely upon the observations and seizures of the police, and therefore any informants that may have been used in connection with the investigation should be regarded as a mere "tipster." (*Id.* at 5.) The Government further states that it does not intend to call the informants as witnesses and, even if it could be

3

said that they may have been witnesses to the charged offenses, there is no evidence they participated in them. (*Id.*)

The Government has a general, although not absolute, "privilege to withhold the disclosure of the identity of a confidential informant." *Carpenter v. Lock*, 257 F.3d 775, 779 (8th Cir. 2001) (citing *Roviaro v. United States*, 353 U.S. 53 (1957)).  When deciding whether to disclose information about an informant, the court must balance "the public interest in protecting the flow of information against the individual's right to prepare his defense." *Roviaro*, 353 U.S. at 62.  "Where the disclosure of an informer's identity, or of the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege must give way." *Id.* at 60-61.  The essential consideration when deciding whether evidence is relevant and helpful to the defense is "whether or not the evidence is material to the accused's defense or a fair determination of the cause." *United States v. Barnes*, 486 F.2d 776, 778 (8th Cir. 1973); *see also Carpenter*, 257 F.3d at 779 ("[T]he threshold issue is whether the informant is a material witness.") (citation omitted).

"Where the witness is an active participant or witness to the offense charged, disclosure will almost always be material to the accused's defense." *Devose v. Norris*, 53 F.3d 201, 206 (8th Cir. 1995) (citation and footnote omitted); *see also United States v. Foster*, 815 F.2d 1200, 1203 (8th Cir. 1987) (citation omitted) ("The disclosure of an informant who was an active participant in the crime the accused is charged with is generally required.").  This is in contrast to "cases involving 'tipsters' who merely convey information to the government but neither witness nor participate in the offense,

4

disclosure is generally not material to the outcome of the case and is therefore not required." *United States v. Harrington*, 951 F.2d 876, 878 (8th Cir. 1991) (citing *United States v. Bourbon*, 819 F.2d 856, 860 (8th Cir. 1987)); *see also United States v. Lapsley*, 334 F.3d 762, 764 (8th Cir. 2003) ("Consequently, disclosure is typically not required when the informant merely conveys information to the government but neither witnesses nor participates in the offense.") (marks and citations omitted).

Here, the only material witnesses that the Court can identify based on the information provided by the parties are (1) the person who called Crime Stoppers and (2) the CI referenced in the application for the March 2, 2021 search warrant for mobile telephone number 612-232-XXXX (Gov't Ex. 25).[1] As to the person who called Crime Stoppers, the Government represented at the hearing that they do not know that person's identity. As for the CI relied on in the application for the March 2 warrant, St. Paul Police Officer Timothy Filiowich represented in the affidavit that he had spoken to a CI who was familiar with the Drug Trafficking Organization at issue; that the CI stated that David Gehl had been known to operate with Finch, Maykoski, and Hill; and that the CI knew that David Gehl goes to California to get Marijuana and then ships it back to Minnesota for distribution in the Twin Cities metro area. (*Id.* at 3.)

Given that Defendants have been charged with conspiracy to distribute narcotics, the CI whose description of narcotics-related trafficking involving Defendants was relied

---

[1] To the extent Defendants seek disclosure of other informants' identities, they did not identify any such other informant in a way that permits the Court to decide if disclosure is appropriate.

5

on in the application for at least of one of the search warrants at issue in this case is a material witness even if the Government does not intend to call the CI at trial. Although it is not entirely clear from the record, the Government has not asserted that the CI was not a witness to the charged offenses, and the Government's brief suggests the CI was in fact a witness to the charged offenses. (*See* Dkt. 121 at 4 ("Even if it could be said that informants may have been witnesses to the charged offenses, there is no evidence that they participated in them.").) Further, unlike in *Harrington* and *Hollis*, where the charged offenses were possession with intent to distribute narcotics, the charged offenses in this case include conspiracy to distribute marijuana and conspiracy commit money laundering. *See Harrington*, 951 F.3d at 878 (finding defendants had not shown disclosure of informant's identity necessary to a fair trial where informant did not witness or participate in the search that formed the basis of possession charges and the government dismissed the count of conspiracy to sell cocaine). Therefore, the Government will be required to identify the CI who provided information in support of the application for search warrant at Government Exhibit 25.

As for Defendants' request that the Government make the informants available for an interview, the Government's disclosure obligation with respect to confidential informants is generally satisfied when it provides a defendant with information pertaining to an informant's identity and location so that the defendant may contact the informant and request an interview or subpoena his or her testimony at trial. *See United States v. Padilla*, 869 F.2d 372, 376-77 (8th Cir. 1989). If the Government has particular concerns about protecting the informant or is aware that the Defendants may encounter difficulty

6

in locating the informant, then it should produce the informant to Defendants to interview in lieu of providing his or her address to Defendants. *Id.* That said, whether the Government provides the name and address of the CI to Defendants or produces them for interview, the informant always has the right to decline to be interviewed and the Government has no obligation to "encourage" the informant to speak to Defendants. *See United States v. Bittner*, 728 F.2d 1038, 1041-42 (8th Cir. 1984) (finding no impermissible conduct by a Government agent when he advised a witness of her right to decline interviews with defendant's attorney).

The remainder of Defendants' motions relating to the disclosure of and access to confidential informants (Dkts. 67, 83, 99, and 109) are otherwise denied.[2]

**B.    Defendant David William Gehl's Motion for Bill of Particulars (Dkt. 119)**

Indictments and bills of particulars are governed by Rule 7 of the Federal Rules of Criminal Procedure, which provides in relevant part:

> The indictment or information must be a plain, concise, and definite written statement of the essential facts constituting the offense charged and must be signed by an attorney for the government. It need not contain a formal introduction or conclusion. A count may incorporate by reference an allegation made in another count. A count may allege that the means by which the defendant committed the offense are unknown or that the defendant committed it by one or more specified means. For each count, the indictment or information must give the official or customary citation of the statute, rule, regulation, or other provision of law that the defendant is alleged to have violated.

Fed. R. Crim. P. 7(c)(1).

---

[2]    The Court reminds the Government of its obligations under *Giglio v. United States*, 405 U.S. 150 (1972).

Rule 7(f) of the Federal Rules of Criminal Procedure gives courts the power to direct the filing of a bill of particulars. District courts have broad discretion in granting or denying a bill of particulars. *See United States v. Sileven*, 985 F. 2d 962, 966 (8th Cir. 1993) (citation omitted).

In *Hamling v. United States*, 418 U.S. 87 (1973), the Supreme Court found that "an indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *Id.* at 117 (citations omitted). "It is generally sufficient that an indictment set forth the offense in the words of the statute itself, as long as 'those words of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offence intended to be punished.'" *Id.* (citations omitted); *see also United States v. Gilkerson*, 556 F. 3d 854, 856 (8th Cir. 2009) ("To be sufficient, the information must contain the elements of the offense and inform the defendant of the charges against him, as well as 'enable[ ] him to plead an acquittal or conviction in bar of future prosecutions for the same offense.'") (citation omitted). "A bill of particulars serves to inform the defendant of the nature of the charge against him with sufficient precision to enable him to prepare for trial, to avoid or minimize the danger of surprise at trial, and to enable him to plead his acquittal or conviction in bar of another prosecution for the same offense when the indictment is too vague and indefinite." *United States v. Hernandez*, 299 F. 3d 9 84, 989-90 (8th Cir. 2002) (citation omitted). However, "a bill of particulars is not a discovery device to be used to require

the government to provide a detailed disclosure of the evidence that it will present at trial." *United States v. Huggans*, 650 F. 3d 1210, 1220 (8th Cir. 2011) (citations omitted).

Here, Gehl argues that the Government should be required to provide a bill of particulars with respect to the following:

> a. each act which constitutes an overt act of the conspiracy charged in Count II;
>
> b. each act of "concealment" engaged in by Defendant or any co-conspirator;
>
> c. evidence supporting an "intent to conceal" or disguise proceeds of illegal activity by Defendant or any co-conspirator;
>
> d. evidence of any agreement by members of the conspiracy to "conceal" proceeds of an illegal activity;
>
> e. any "structured transactions" where the Government alleges that Defendant or his co-conspirators in relation to Count II "structured transactions" so as to avoid reporting requirements or conceal the amount of cash involved in a particular transaction.

(Dkt. 119 at 3.) In support of his requested relief, Gehl relies on the reasoning and argument set forth in the "Memorandum by Patrick Thomas Maykoski re [94] Motion to Dismiss Count II (Dkt. 138)." (Dkt. 142 at 6.)

Gehl is correct that the Government has not specified with particularity each transaction where the Defendants concealed the illegal proceeds from the distribution of marijuana. "Although the allegations are not as detailed as the Defendants may prefer, that is not the test we apply. A Bill of Particulars serves an essential function in eliminating surprise, but the Bill was not designed to substitute for pretrial discovery." *United States v. Finn*, 919 F. Supp. 1305, 1326 (D. Minn. 1995) (footnote omitted), *aff'd*

9

*sub nom. United States v. Pemberton*, 121 F.3d 1157 (8th Cir. 1997); *see also United States v. Fijal*, No. 12-CR-14-A, 2013 WL 5522887, at *15 (W.D.N.Y. Oct. 3, 2013) (finding no unfair surprise given that the defendant did not contest the government's representation that most of the information sought was contained in the voluntary discovery provided by the government). There has been no assertion here that the Government has failed to provide adequate discovery as to Count II. On this basis, and for the reasons stated forth in the Court's Report and Recommendation recommending denial of Maykoski's Motion to Dismiss Count II, the Court denies the Motion for Bill of Particulars as to Count II.

## II.   ORDER

Based on the files, records, and proceedings herein, **IT IS ORDERED THAT:**

1. Defendant Robert Finch's Motion to Disclose the Identity of All Informants Who Were Witnesses to or Participants in the Crimes Charged in the Indictment (Dkt. 67); Defendant Patrick Thomas Maykoski's Motion to Disclose Informants and Make Informants Available for Interview (Dkt. 83); Defendant Danny William Gehl, Jr.'s Motion to Disclose and Make Informant Available for Interview (Dkt. 99); and Defendant Frank Joseph Kittleson's Motion for Disclosure of Informants (Dkt. 109); are **GRATNED IN PART AND DENIED IN PART** as set forth in Section I.A of this Order.

2. Defendant David William Gehl's Motion for Bill of Particulars (Dkt. 119) is **DENIED**.

DATED: February 9, 2022                              *s/Elizabeth Cowan Wright*
                                                     ELIZABETH COWAN WRIGHT
                                                     United States Magistrate Judge