UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Crim. No. 21-157 (PAM/ECW) |
| Plaintiff, | |
| v. | **MEMORANDUM AND ORDER** |
| Douglas Robert Finch, Danny William Gehl, Jr., David William Gehl, Frank Joseph Kittleson, Patrick Thomas Maykoski, and Daniel Richard Thomas, | |
| Defendants. | |

This matter is before the Court on the Report and Recommendation ("R&R") of United States Magistrate Judge Elizabeth Cowan Wright dated February 9, 2022. (Docket No. 152.) Defendants filed timely objections to the R&R (Docket Nos. 153-57) and the Government responded to those objections. (Docket No. 159.) The matter is now ripe for this Court's review, which is de novo. 28 U.S.C. § 636(b)(1); D. Minn. L.R. 72.2(b). For the following reasons, the Court adopts the R&R.

**BACKGROUND**

Defendants are charged with conspiracy to distribute marijuana in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846; conspiracy to commit money laundering in violation of 18 U.S.C. §§ 1956(a)(1)(B)(i) and 1956(h); and possession with intent to distribute marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B). (Docket No. 46.) The full factual background is set forth in the thorough R&R and will not be

repeated here. Facts necessary to an understanding of the legal analysis will be incorporated into the discussion below.

The R&R recommends denying all of Defendants' Motions, but Defendants to not object to most of that ruling. Only Defendant Maykoski has raised an objection to the R&R's conclusion that Count 2 of the Indictment adequately informs Defendants of the facts and circumstances around the charged money-laundering conspiracy. (Docket No. 153.) Defendants Douglas Finch, Daniel Thomas, Danny Gehl, Jr., and David Gehl join in Maykoski's objection. (Docket Nos. 154-57.)[1]

**DISCUSSION**

"[A]n indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." Hamling v. United States, 418 U.S. 87, 117 (1974). "It is generally sufficient that an indictment set forth the offense in the words of the statute itself." Id.

Here, Count 2 alleges that Defendants violated 18 U.S.C. §§ 1956(a)(1)(B)(i) and (h) because

> [f]rom in or about 2015 and continuing through on or about June 28, 2021, in the State and District of Minnesota, and elsewhere, the defendants . . . did unlawfully, knowingly and intentionally conspire with each other and with others . . . to conduct and attempt to conduct financial transactions, knowing that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, which in fact involved the proceeds of specified unlawful activity, that is the unlawful sale and distribution of marijuana, and knowing that the transactions were designed

---

[1] Defendant Frank Kittleson did not file any objections.

>    in whole or in part to conceal and disguise the nature, the location, the source, the ownership, and control of the proceeds of said specified unlawful activity.

(Indictment (Docket No. 46) at 2.)

Although Defendants principally restate the arguments raised in the Motion brought before the Magistrate Judge (see Docket Nos. 94, 138), their arguments fail regardless. Defendants concede that Count 2 "tracks statutory language and provides a general description of the alleged statutory offense," yet they press that Count 2 contains mere conclusory allegations and "fails to fairly and adequately apprise [them] with reasonable certainty of the exact nature of the accusations against them." (Maykoski Obj. (Docket No. 153) at 3.)

As the Magistrate Judge found, Count 2 of the Indictment satisfies the requisite elements of the money-laundering statute, informs Defendants of the charge brought against them, and allows them to determine whether to plead guilty without a fear of future prosecution. See Hamling, 418 U.S. 117. The Court agrees with R&R's conclusion that the Indictment notifies Defendants that the alleged money-laundering conspiracy "stems from proceeds allegedly obtained from their sale of marijuana," or, "in other words, [that] they were intentionally concealing the proceeds from the illegal sale of narcotics." (R&R at 41.)

Defendants further object to the R&R's "suggestion" that a bill of particulars does not cure an insufficient indictment. (Maykoski Obj. at 8.) As noted above, the Court reviews the decision only for clear error. Defendants incorrectly construe this point in the R&R — the Magistrate Judge did not conclude that the Bill of Particulars "cured" the

Indictment. Indeed, she did not find that the Indictment required curing in the first instance; rather, she recognized that a Bill of Particulars had been filed in this matter. (R&R at 42-43.) Any objection regarding the Bill of Particulars is without merit.

The findings in the R&R are not clearly erroneous, and Defendants' objection is overruled.

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED** that:

1. The Court **ADOPTS** the R&R (Docket No. 152);

2. Defendant Douglas Robert Finch's Motion to Suppress Any Evidence Obtained as a Result of Any Illegal Searches (Docket No. 66) is **DENIED**;

3. Defendant Daniel Richard Thomas's Motion to Suppress Physical Evidence Seized Pursuant to Warrant (Docket No. 75) is **DENIED**;

4. Defendant Patrick Thomas Maykoski's Motion to Suppress Evidence Obtained as a Result of Search and Seizure (Docket No. 92) and Motion to Dismiss Count II of the Indictment (Docket No. 94) are **DENIED**; and

5. Defendant David William Gehl's Motion to Suppress – Search and Seizure Warrants (Docket No. 118) is **DENIED**.

Date: Tuesday, March 22, 2022

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge