UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Crim. No. 21-157(2) (PAM/ECW) |
| Plaintiff, | |
| v. | **MEMORANDUM AND ORDER** |
| Danny William Gehl, Jr., | |
| Defendant. | |

_____

This matter is before the Court on Defendant's Motion under 28 U.S.C. § 2255.  For the following reasons, the Motion is denied.

**BACKGROUND**

In December 2021, a jury convicted Defendant Danny William Gehl, Jr. of conspiring to distribute marijuana and possessing marijuana with the intent to distribute. (Docket No. 258.)  The Court sentenced him to the mandatory minimum sentence of 120 months' imprisonment.  (Docket No. 398.)  He appealed, and the Eighth Circuit Court of Appeals affirmed his conviction and sentence.  United States v. Gehl, 128 F.4th 1001 (8th Cir. 2025).

Gehl filed the instant Motion to Vacate, raising claims of ineffective assistance of counsel for failure to investigate exculpatory evidence and failure to call Gehl's co-defendants as witnesses at trial.  (Docket No. 481 at 4–9.)

**DISCUSSION**

> A prisoner in custody under [federal] sentence . . . claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without

jurisdiction to impose such sentence . . . or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).  Relief under § 2255 "is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice."  United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996).  The petitioner bears the burden to establish that his conviction or sentence violated either the Constitution or federal law.  United States v. Hill, 215 F. Supp. 3d 823, 826 (D. Minn. 2016) (Kyle, J.).

Although § 2255 generally requires a Court to hold an evidentiary hearing, a "petition can be dismissed without a hearing if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact."  Engelen v. United States, 68 F.3d 238, 240 (8th Cir. 1995).  Gehl's claims are contradicted by the record, and he is not entitled to relief.  The Court therefore declines to hold an evidentiary hearing.

To prevail on a claim that counsel rendered ineffective assistance, Gehl must establish both that his attorney's performance was deficient and that he was prejudiced thereby.  Strickland v. Washington, 466 U.S. 668, 689 (1984).  The Court presumes that an attorney provided effective representation, and "will not second-guess strategic decisions or exploit the benefits of hindsight."  Henderson v. Norris, 118 F.3d 1283, 1287 (8th Cir. 1997).  Indeed, the Court's "scrutiny of counsel's performance must be highly deferential."  Strickland, 466 U.S. at 689.

2

To demonstrate prejudice, Gehl must establish that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. If Gehl cannot establish prejudice, the Court need not address the reasonableness of the representation, because the failure to establish prejudice is dispositive of a § 2255 claim of ineffective assistance. Apfel, 97 F.3d at 1076. Gehl fails to show that his counsel's performance was deficient or that he was prejudiced.

## A.   Failure to Investigate Exculpatory Evidence

Gehl argues that his counsel "failed to investigate critical exculpatory evidence regarding the knowledge element and marijuana weight requirements" for his counts of conviction. (Docket No. 481 at 4.) He specifically asserts that his lawyer failed to investigate: (1) "the absence of odor despite marijuana's distinct smell;" (2) the "opaque, triple-sealed packaging;" (3) Gehl's statement to an investigator that he believed the garbage bags of marijuana contained motorcycle parts; and (4) the fact that only "one bag [of marijuana] was tested."

Defense counsel must "make a reasonable investigation in the preparation of a case or make a reasonable decision not to conduct a particular investigation." Kenley v. Armontrout, 937 F.2d 1298, 1304 (8th Cir. 1991) (citing Strickland, 466 U.S. at 691). "The burden is on the petitioner to demonstrate what evidence his trial counsel could have discovered that would have helped his defense." Otey v. Grammer, 859 F.2d 575, 578 (8th Cir. 1988) (citation omitted). Gehl merely lists these alleged deficiencies; he fails to identify how any of these allegations would provide exculpatory information.

### 1.   Marijuana Odor

Although Gehl's claim about the odor of marijuana is not entirely clear, the Court assumes that Gehl refers to the officers' observations during the search of the warehouse where the marijuana was recovered.  That assertion is without merit because testimony at trial established that the odor of marijuana in the warehouse was overwhelming.  (Trial Tr. (Docket Nos. 420–22) at 221.)  Alternatively, if Gehl refers to the smell—or lack thereof— of the Government's exhibits at trial, he fails to argue what further investigation into the marijuana odor would have revealed.  Regardless, Gehl's counsel inquired about the lack of marijuana odor in the trial exhibits.  (Id. at 260–61, 268–73).  Gehl fails to demonstrate that his counsel's performance was deficient for not further investigating this issue.

### 2.   Marijuana Packaging

Gehl asserts that the marijuana's "opaque, triple-sealed" packaging was such that he was unaware that the packages contained marijuana.  This claim is implausible.  Trial testimony established that when officers searched the warehouse, large shipping crates containing marijuana had been opened, the smell of marijuana filled the air, and hundreds of bags of marijuana covered the floor.  (Id. at 85–87, 221.)  Thus, the evidence presented at trial demonstrated that Gehl would have seen the hundreds of pounds of marijuana "spread all over the ground" and smelled its distinct odor at the warehouse.  (Id. at 85–86.) Moreover, at Gehl's home, law enforcement discovered seven pounds of packaged marijuana, marijuana plants in his bedroom closet, a drug ledger, and $186,000 cash, among other items associated with drug trafficking.  (Id. at 162-71, 174-75.)  Gehl falls far

short of establishing that his counsel performed deficiently for failing to investigate the marijuana's packaging.

### 3.    Motorcycle Parts

At a post-conviction proffer, Gehl told investigators that he believed the trash bags of marijuana contained motorcycle parts. (Sent. Tr. (Docket No. 416) at 8.) Evidence at trial demonstrated that Gehl and his co-defendants loaded boxes and trash bags filled with marijuana at the warehouse and loaded them into their vehicles. (Trial Tr. at 40, 70–78.) Evidence also showed that Gehl drove his vehicle to his home and unloaded the bags and boxes. (Id. at 62–63, 79–80, 223.) The Government terminated the proffer for untruthfulness. (Sent. Tr. at 6–12.) Gehl offers no basis as to why his counsel's performance was inadequate for failing to investigate a self-serving statement made at a post-conviction proffer. Gehl is not entitled to relief on this ground.

### 4. Lab Testing

Gehl contends that his counsel was ineffective for failing to investigate the laboratory testing of the drugs in this case. But Gehl's counsel cross-examined government witnesses about the drugs tested and commented on the same in his closing statement. (Trial Tr. at 265, 352.) Gehl fails to explain how additional investigation into the testing would have provided exculpatory information.

Because Gehl fails to establish that his counsel's performance was deficient, the Court need not address whether Gehl was prejudiced by his representation. Gehl's failure-to-investigate claim fails.

**B.    Failure to Call Codefendants as Witnesses**

Gehl claims that his counsel "ignored [his] explicit requests to call co-defendants who were prepared to testify that [he] was not part of the conspiracy and had no knowledge of the drug activity." (Docket No. 481 at 7.)  Counsel's "decision not to call a witness is a virtually unchallengeable decision of trial strategy." United States v. Staples, 410 F.3d 484, 488 (8th Cir. 2005) (internal quotation marks and citation omitted).  To prove his claim, Gehl must identify that the "witnesses were available, how they would have testified, and why such additional evidence would likely have affected the result" of the trial. Delgado v. United States, 162 F.3d 981, 983 (8th Cir. 1998) (citations omitted).  Gehl fails to do so.  His bare assertion that his co-defendants would have testified that he was not involved in the drug-trafficking conspiracy does not rise to the level of detail required by Delgado.  Gehl's affidavit and memorandum are too vague and conclusory to support his assertion that his attorney provided ineffective assistance in failing to call his codefendants to testify.  Even if Gehl could meet the requisite level of detail, he still could not prove that he was prejudiced by his counsel's decision not to call them to testify.

In analyzing whether a defendant was prejudiced by uncalled witnesses, the Court considers:  "(1) the credibility of all witnesses, including the likely impeachment of the uncalled defense witnesses; (2) the interplay of the uncalled witnesses with the actual defense witnesses called; and (3) the strength of the evidence actually presented by the prosecution." McCauley-Bey v. Delo, 97 F.3d 1104, 1106 (8th Cir. 1996). Three of Gehl's co-defendants—David Gehl, Doug Finch, and Frank Kittleson—submitted letters on his behalf.  David Gehl's letter states that Danny Gehl had nothing to do with the marijuana

6

conspiracy, that David Gehl sprayed the boxes with foam, and that when law enforcement arrived, the only item in the trash bags was cardboard. (Docket No. 504.) David Gehl further asserts that there are other things that he could have told Gehl's counsel if he had contacted him. Finch wrote that Gehl was not involved in the case, that no one ever questioned him about Gehl, and that he believes that Gehl was wrongly charged. (Docket No. 507.) Kittleson wrote that Danny Gehl was not involved in the case, that he is innocent, he never went to California with the co-defendants, and he did not participate in illegal actions. (Docket No. 506.)

In each of their respective plea agreements, David Gehl, Kittleson, and Finch, admitted that he "and other members of the conspiracy" were "in the process of unloading of three crates filled with over 600 pounds of marijuana and several hundred pounds of marijuana products" when law enforcement executed the search warrant at the warehouse in June 2021. (Docket No. 173 ¶2d, Docket No. 172 ¶2d, Docket No. 205 ¶ 2d.) Were any of these co-defendants to have testified that Gehl did not know about the drug trafficking or that he was not part of the conspiracy, they would be perilously close to denying admissions made under oath and would have been subject to impeachment on cross examination. Thus, Gehl fails to demonstrate that his proposed witnesses would have been credible, failing the first prong of the Court's analysis. The second prong is not at issue here because Gehl did testify or call any witnesses at trial. (Trial Tr. at 303.) As to the third prong, the evidence presented at trial against Gehl was overwhelming, as described above. Gehl fails to demonstrate that the outcome of the trial would have been different if his co-defendants had testified.

**C.     Certificate of Appealability**

Gehl may not appeal this Court's ruling on his Motion to Vacate without a certificate of appealability.  28 U.S.C. § 2253(c)(1)(B).  Such a certificate requires Gehl to make "a substantial showing of the denial of a constitutional right."  Id. § 2253(c)(2).  See also Kramer v. Kemna, 21 F.3d 305, 307 (8th Cir. 1994) ("Good faith and lack of frivolousness, without more, do not serve as sufficient bases for issuance of a certificate under 28 U.S.C. § 2253.").  Gehl must establish that the issues he raises are "debatable among reasonable jurists," that different courts "could resolve the issues differently," or that the issues otherwise "deserve further proceedings."  Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997).  Gehl has not met this high standard, and no certificate of appealability will issue.

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED that** Defendant's § 2255 Motion to Vacate (Docket No. 480) is **DENIED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: <u>March 10, 2026</u>                              *s/ Paul A. Magnuson*

Paul A. Magnuson
United States District Court Judge